UNITED STATES of America, Appellee,

v.

Angel IBANEZ, Defendant–Appellant.

No. 08–1536–cr.

United States Court of Appeals, Second Circuit.

May 1, 2009.

M. Kirk Okay, The Okay Law Firm, LLC, Batavia, N.Y., for Appellant.

Robert A. Marangola, Assistant United States Attorney, for Terrance P. Flynn, United States Attorney for the Western District of New York, Rochester, N.Y., for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Angel Ibanez appeals from a judgment of conviction entered in the United States District Court for the Western District of New York (Siragusa, *J.*), on March 18, 2008. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

A jury found Ibanez guilty of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Ibanez, who conceded that he had previously been convicted of a felony, appeals the conviction on two grounds: (1) the evidence was insufficient to support the conviction; and (2) the district court erroneously allowed Police Officer Ted Wilson to testify as to out-of-court statements made by an eye-witness.

The evidence showed that a pastor in Rochester, while emerging from choir practice one evening, spotted a group of young people arguing on the street behind his church. He heard a young man on a bicycle say, in substance, "I'll be back." When the young man returned, he was brandishing a "short rifle" with a pistol grip. The crowd scattered.

A few minutes later, while the pastor was describing the young man with the gun to Police Officer Ted Wilson of the Rochester Police Department, the pastor thought he saw the same young man bicycle past again and told Officer Wilson, "That's the guy right there." Officer Wilson turned around and recognized the man as defendant-appellant Angel Ibanez. Ibanez pedaled faster, and Officer Wilson

gave chase in his patrol car. The chase lasted about one-and-a-half to two minutes. Ibanez went up a driveway, ditched his bike there, and ran around the other side of the house, where he almost collided with Officer Wilson, who headed him off on foot. Officer Wilson secured Ibanez, searched the area, and almost immediately spotted a gun that matched the pastor's description lying in the driveway directly in Ibanez's flight path.

Officer Wilson then brought Ibanez back to the vicinity of the church for the pastor to identify. The pastor was not entirely certain because he believed the young man that he had seen with the gun was wearing a white tee-shirt, whereas Ibanez's tee-shirt was black.

At trial, the district court permitted Officer Wilson to testify to the description of the young man given by the pastor before the chase began, and to the pastor's telling him, "That's the guy right there" when he saw the defendant on the bicycle. Officer Wilson said that the pastor had told him that the young man was wearing a black tee-shirt. The district court admitted the statement under the hearsay exception for present sense impressions, *see* Fed.R.Evid. 803(1), and ruled that there was no Confrontation Clause problem because the pastor would later testify.

The pastor testified that the young man on the bicycle was wearing a white tee-shirt, whereas the man brought back for him to identify, Ibanez, was wearing a black tee-shirt. The pastor could not make an in-court identification of Ibanez. The jury found Ibanez guilty.

■ A conviction challenged on sufficiency grounds will be affirmed if, in viewing all the evidence in the light most favorable to the prosecution, a reviewing court finds that "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jack-*

*son v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in the original).

■ Here, the evidence was sufficient for the jury to convict Ibanez because the evidence showed that Ibanez was the man that Officer Wilson chased and arrested, and a firearm matching the pastor's description was found directly in the flight path. Notwithstanding the discrepancy in the color of the tee-shirt, the circumstantial evidence was sufficient for a jury to conclude that Ibanez possessed a firearm. Any suggestion Ibanez makes that the verdict was against the weight of the evidence is misplaced: for "where there are conflicts in the testimony, we must defer to the jury's resolution of the weight of the evidence and the credibility of the witnesses." *United States v. Miller,* 116 F.3d 641, 676 (2d Cir.1997) (citations omitted). "The weight of the evidence is a matter for argument to the jury, not a ground for reversal on appeal." *United States v. Hamilton,* 334 F.3d 170, 179 (2d Cir.2003).

■ The pastor testified that it was "within minutes" or "within maybe 5 minutes" from when he saw the young man with the gun to when he began speaking to Officer Wilson. And it was during that conversation that the pastor pointed to a passing bicycle and said, "That's the guy right there."

For statements to qualify as present sense impressions, precise contemporaneity is not required. *See* Fed.R.Evid. 803(1) advisory committee's note (1972) ("With respect to the time element, [803(1)] recognizes that in many, if not most, instances precise contemporaneity is not possible and hence a slight lapse is allowable.")(italics omitted). *See also United States v. Hawkins,* 59 F.3d 723, 730 (8th Cir.1995) (A 9-1-1 call made within approximately seven minutes of an incident sufficiently

676

contemporaneous to be a present sense impression), *vacated on other grounds,* 516 U.S. 1168, 116 S.Ct. 1257, 134 L.Ed.2d 206 (1996); *United States v. Shoup,* 476 F.3d 38, 42 (1st Cir.2007) (A 9–1–1 phone call made only one or two minutes immediately following event admissible).

The statement "That's the guy right there," which triggered the chase, was unquestionably "made while the declarant was perceiving the event." Fed. R.Evid. 803(1). The statement concerning the color of the tee-shirt was made several minutes after perception, but even if the delay was too long, any error in admitting the statement was harmless beyond a reasonable doubt. In the first place, the pastor was available for cross-examination, so that his basis for the statement could be tested. Moreover, the pastor's testimony made clear the discrepancy regarding the color of the tee-shirt: he testified that the man he saw with the gun was wearing a white tee-shirt, and it is undisputed that at the time of his arrest Ibanez was wearing a black tee-shirt. So the discrepancy was squarely presented to the jury, which had to make credibility determinations regardless of whatever description the pastor may have given to Officer Wilson on the scene.

Finding no merit in Ibanez's remaining arguments, we hereby **AFFIRM** the judgment of conviction.